After the decision by the Court of Appeals, in, the case of Tinsley v. Anderson and others, reported in 3 Call, 329, (the causehav-ing been remanded to the Court of Chancery, and an account directed to be taken by a commissioner, according to the principles established by the Court of Appeals ; — which, among other provisions, directed “that the remaining funds, if any, should be distributed pro rata, among the several creditors who had no lien upon the lands,”) Matthew Anderson and James Dabney filed their bills, stating that they had been always ready to contribute to the expense of the suit, and praying to be admitted to come into a dividend with'the rest of the creditors. The cause now ’came on to he heard with respect to them, and upon the report of the commissioner, to which the following exceptions were taken; 1. Because a balance due under a decree of this Court to Williamson’s trustees had been allowed, the specific fund for the payment thereof being exhausted; and, 2. Because interest on the several claims was calculated up to the date of the report • the fund being insufficient to pay all the creditors, and moreover unproductive of continuing profits since it was sold.
By the Court. The claims of Matthew Anderson and James Dabney are to be admitted, in like manner as if *they had been exhibited, before the appeal in this case. The claim of Williamson’s trustees should hold the same rank as if no decree for the amount thereof had been rendered ; — for no lien on the general fund could be established in its favour, by tjie circun - stance that the specific fund for the payment thereof under the said decree of foreclosure, had been exhausted. Interest on the respective claims ought not to be allowed beyond the period when the proceeds of the sale of the lands in the proceedings mentioned came into the hands of the commissioners who sold them.
The report, therefore, must be recommitted, that it may be reformed according to this opinion. _